## PEIRCE H. BRERETON *vs.* BOARD OF CANVASSERS OF THE CITY OF WARWICK *et al.*

### DECEMBER 27, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

6

PER CURIAM. This is a petition for a writ of *certiorari* to correct certain alleged errors in the records of the respondent board of canvassers in relation to the election of the mayor of said city held November 6, 1934. The writ was issued as prayed for and all of the ballots cast in said election

and the records of the official count of said ballots made by said board have been certified to this court.

Petitioner's name appeared as candidate for mayor on the official ballot in the Republican column and John A. O'Brien's name appeared on the ballot in the Democratic column and also in the Independent Nomination column.

November 7 the respondents began to make their official count of the ballots cast for these candidates. At the close of the count the board declared that Mr. Brereton had received 5,476 votes and that Mr. O'Brien had received 5,483 votes and that Mr. O'Brien had been elected mayor by a plurality of seven votes.

November 23 Mr. Brereton filed this petition for a writ of *certiorari*. Petitioner alleges that during the count the respondents erroneously rejected many votes which had been cast for him and erroneously counted many invalid votes for Mr. O'Brien. After all the ballots had been delivered to this court counsel for the parties in interest examined them. They have presented to this court for examination 554 ballots—236 by the petitioner and 318 by the respondents.

Whether the marks placed upon his ballot by a voter conform to the statutory requirements for a legal ballot is a question of law rather than of fact. *Rice* v. *Town Council of Westerly*, 35 R. I. 117; *Sylvestre* v. *Board of Aldermen, Woonsocket*, 43 R. I. 492. "The Legislature has clearly and precisely defined the manner in which the elector may designate the candidates for whom he desires to vote, and has prescribed definite and fixed rules to govern the voter in designating such candidates." *Gainer* v. *Dunn*, 29 R. I. 239.

The court has carefully examined each of the ballots presented to us by counsel. We have given effect to the intention of the voter when it has been expressed in the manner required by the statute law and our previous decisions construing the statute. We find no error in the action of the board in counting or rejecting the ballots

presented to us with the exception of 42 ballots marked as exhibits as follows: Ward 2, R.—6. This ballot has a cross in the circle under the Republican ' emblem. The ballot was defective because of the apparent erasure of a cross in the circle in the Independent column and the erasure of a cross in the circle in the Democratic column.

In the *Sylvestre* case *supra*, it was held that a ballot was properly rejected as bearing a distinguishing mark where the voter attempted to erase a cross which he had marked upon his ballot. If a voter makes such a mistake when marking his ballot he may return it to the supervisor and procure a new one. *Thorpe* v. *Fales*, 33 R. I. 394. This ballot was erroneously counted for Mr. Brereton.

Ward 1, R.—2. This ballot has a cross in the circle under the Democratic emblem. It was rejected because the lower right hand corner of the ballot was torn off. Two unimpeached affidavits prove that a supervisor accidently tore the ballot when removing it from the ballot box preparatory to counting the ballots. The ballot is valid and is counted for Mr. O'Brien.

Ward 2, P.—20. This ballot has a cross in the circle under the Democratic emblem. The voter also made a cross in the square to the right of Mr. O'Brien's name in the Democratic column and in the Independent column. The voter also cancelled the name of Mr. Brereton by drawing his pencil through it in the Republican column. This cancellation invalidated the ballot under authority of the *Sylvestre* case *supra*, where it was held that a ballot was defective as bearing a distinguishing mark when it appeared the voter had marked in the squares and had also cancelled the names of the candidates against whom he had voted. This ruling and citation also applies to exhibits Ward 4, P.—3, P.—4, P.—8; Ward 6, R.—1; Ward 7, P.—5 and Ward 9, P.—16, where it appears that the voter made a cross in the square to the right of the name of Mr. O'Brien in the Democratic column and cancelled the name of Mr. Brereton in the Republican column. These seven ballots were erroneously counted for Mr. O'Brien.

This ruling also applies to a ballot from Ward 5, R.—12. The voter made a cross in the circle under the Republican emblem and a cross in the square to the right of Mr. Brereton's name. The voter also cancelled the name of Mr. O'Brien by drawing a pencil through it in the Democratic column. The ballot was defective and was erroneously counted for Mr. Brereton.

Ward 3, P.—5. The voter made a cross in the circle under the Democratic emblem and a cross in the square to the right of Mr. O'Brien's name in the Democratic column and in the Independent column. He also made a cross in the blank space for mayor in the blank column. Marking the ballot in the latter column rendered it defective and it was erroneously counted for Mr. O'Brien. In *Rice* v. *Town Council of Westerly, supra,* the court said: "The statutory requirement is equally imperative that the voter shall place no mark upon his ballot by which it may be identified afterwards. If the voter places upon his ballot a mark, unconnected with the voting mark, which additional mark appears to have been knowingly and intentionally placed, it will render his ballot defective, as bearing a distinguishing mark." The law was applied in that case and also in the *Sylvestre* case *supra,* where a ballot was held to be defective when it appeared that a voter, after making a cross in the squares to the right of the names of the candidates of his choice, made a cross opposite the word "district clerk."

Ward 7, P.—7 and R.—6. Both of these ballots must be held to be defective for the same reasons as the preceding ballot. In P.—7 the voter made his cross in the square to the right of the name of Mr. O'Brien in the Democratic column and in the Independent column and also a cross in the square for mayor in the blank column. In R.—6 the voter made his cross in the square to the right of the name of Mr. Brereton in the Republican column and also in the square for mayor in the blank column. The respondents erroneously counted the first of these ballots for Mr. O'Brien and the second for Mr. Brereton.

Ward 3, R.—39 and Ward 5, R.—15. Each ballot has a cross in a circle under the Republican emblem and a straight line within the square to the right of Mr. Brereton's name. These straight marks were not made inadvertently and under the statute and cases previously cited must be held to be distinguishing marks which render the ballots defective. The two ballots were erroneously counted for Mr. Brereton.

Ward 8, R.—11 and Ward 1, P.—7. The first of these ballots has a cross in the square to the right of Mr. Brereton's name. In the blank column the voter drew a design resembling a shoe. On the second ballot the voter made a cross within the circle under the Democratic emblem and also drew a design, somewhat similar to that mentioned on the preceding ballot, to the left of the word "Independent" in the last column. The statute provides that no voter shall place any mark upon his ballot by which it may be afterwards identified as the one voted by him. § 168, G. L. 1923. · The extra marks upon the ballots are not connected with the voting marks. They appear to have been made intentionally. Under the law and the cases cited they must be held to be distinguishing marks which render the ballots defective. The respondents erred in counting R.—11 for Mr. Brereton and P.—7 for Mr. O'Brien.

Ward 8, R.—3 has what might be termed a "Y" within the circle under the Republican emblem. This ballot is defective because not marked as required by the statute which states that one line crossing another at any angle shall be deemed a valid voting mark. On the ballot before us the lines do not cross. The ballot was erroneously counted for Mr. Brereton.

Ward 9, P.—1. This ballot has a cross within the circle under the Republican emblem. The ballot was rejected because a light pencil line extends from the top to the bottom of the X on its left side. The line is lighter than the X and appears to have been inadvertently made and does not render the ballot defective; *Sylvestre* case *supra*— it is counted for Mr. Brereton.

Ward 3, R.—1 and Ward 8, R.—2. These ballots are marked similarly to the last ballot described, excepting that the X is within the circle under the Democratic emblem. The ballots were rejected by the board. The connecting line on the left side of the X appears to have been inadvertently made and does not render the ballot defective. These ballots are counted for Mr. O'Brien.

Ward 1, P.—2. This ballot has a cross within the circle in the Independent column. From the point where the two lines cross is a separate, heavy vertical line extending downwards. This additional line was not made inadvertently and rendered the ballot defective. The ballot was erroneously counted for Mr. O'Brien.

Ward 9, P.—9. This ballot has a cross in the circle under the Democratic emblem made by two horizontal lines crossing a vertical line. This extra line was intentionally made. The voter also drew the outline of what may be termed an animal's head near the circle in the Republican column. The extra line in the cross and the markings on the ballot rendered it defective and it was erroneously counted for Mr. O'Brien.

Ward 1, P.—13. This ballot has a cross in the circle under the Democratic emblem. In the blank column under the word "Councilman" is a heavy curved line about three inches long. This line is unconnected with the voting mark and cannot be said to be inadvertent. It rendered the ballot defective. It was erroneously counted for Mr. O'Brien.

Ward 7, P.—21. This ballot has an irregular-shaped line which crosses itself and resembles the figure 6 inverted. This mark is different from that on any other ballot submitted. It is not a cross made by one line crossing another at any angle as required by statute. As it is not the voting mark required by the statute, the ballot is defective. The ballot was erroneously counted for Mr. O'Brien. A somewhat similar ballot was held to be defective in the *Sylvestre* case (8) *supra*.

Ward 2, P.—1. This ballot has a cross in the square in the Republican column to the right of the name of the candidate for councilman and in the square to the right of Mr. O'Brien's name in the Democratic column. The crosses are made by several lines crossing each other. The lines are so heavy they make distinguishing marks. For this reason the ballot is defective and was erroneously counted for Mr. O'Brien.

Ward 9, P.—7. This ballot has a cross within the circle under the Democratic emblem. It has a large dot in the circle in the Independent column. This dot makes it easy to identify the ballot. Marking the ballot in this manner is in violation of the statute which provides that: "No voter shall place any mark upon his ballot by which it may be afterwards identified as the one voted by him." § 168, G. L. 1923. The ballot is defective and was erroneously counted for Mr. O'Brien.

Ward 1, P.—22 and Ward 8, P.—9. These ballots have a cross in the circle under the Democratic emblem. One line of the X on P.—22 is a heavy line, the lower end of which extends some distance outside the circle and there is a vertical mark extending downward from the upper end of the other line of the cross. On P.—9 the four ends of the cross extend outside the circle and the two lower lines of the cross are connected by a distinct line. On these ballots the extension of the marks beyond the circle and the marks in addition to the two lines required to make an X appear to have been deliberately made and render the ballots defective. They were erroneously counted for Mr. O'Brien. These ballots are similar to some of these considered by the court in the recent case of *Charles A. Wilcox et als* v. *Town Council of Town of Coventry*, 175 Atl. (R. I.) 926, and are held to be defective on account of distinguishing marks.

A group of thirteen ballots will be considered together. Nine ballots have a cross in the circle under the Democratic emblem and four have a cross in the circle under the Republican emblem. Each cross is made by one or more parallel

14

lines crossing two or more separate parallel lines. The marking of the ballots in this manner was intentional. All of these ballots should have been rejected as defective because they were not marked as required by the statute. *Rice* v. *Town Council of Westerly, supra; Sylvestre* v. *Board of Aldermen, Woonsocket, supra; Fortin* v. *Board of Aldermen, Woonsocket,* 135 Atl. (R. I.) 360. The respondents erred in counting nine of these ballots for Mr. O'Brien and four of them for Mr. Brereton.

Our conclusion is that respondents rejected one ballot which should have been counted for petitioner and counted for him eleven ballots which should have been rejected; that they rejected three ballots which should have been counted for Mr. O'Brien and counted for him twenty-seven ballots which should have been rejected. By making these corrections in their record, it will be found that Mr. O'Brien received 5,459 votes and Mr. Brereton received 5,466 votes and that Mr. Brereton is elected mayor by a plurality of seven votes.

So much of the records of the respondents as is inconsistent with this opinion is quashed and the respondents are ordered to correct their records to conform with this opinion.

*Clifford A. Kingsley, Sigmund W. Fischer, Jr., Russell H. Hawkins,* for petitioner.

*Patrick H. Quinn, Joseph W. Grimes,* for respondents.